**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO: 20-01056-TOM13 |
| TEENECIA L TRANNON, ) | CHAPTER: 13 |
| ) | |
| Debtor. ) | |

**RESPONSE TO DEBTOR'S OBJECTION TO HERBIVORE HOLDING, LLC'S PROOF OF CLAIM NUMBER 9 IN THE AMOUNT OF $17,913.39**

Herbivore Holding, LLC ("Herbivore"), by and through its undersigned counsel, responds to the Debtor's objection to its claim, and states as follows:

1. Debtor, Teenecia L Trannon ("Debtor"), filed for Chapter 13 on March 13, 2020. This is the Debtor's third chapter 13 since 2018.

2. Debtor's first signed chapter 13 plan classified her indebtedness to Herbivore as a secured transaction based on an unrecorded Contract for Deed. [Doc. 25] The Court held that the stay did not apply to Herbivore after June 30, 2020. Herbivore filed a Motion for Relief from the Co-Debtor stay as to Orlando McGrew which is set later this month.

3. On June 16, 2020, the Debtor filed an amended Chapter 13 plan which attempts to classify the Debtor's indebtedness to Herbivore as an *executory contract obligation*. [Doc. 65]. In her amended plan, the Debtor attempts to reject the Contract for Deed. [Doc. 65].

4. On June 23, 2020, the Debtor objected to Herbivore's proof claim because "Other: The debtor is rejecting the contract for deed, of which the collateral serves as the basis for security of this claim." [Doc. 66].

5. In the present case, the Debtor cannot simply attempt to reclassify Proof of Claim Number 9 as an executory contract based on Eleventh Circuit precedent. The Eleventh Circuit

has "tacitly approved" what is commonly referred to as the "functional approach" to whether a contract is executory. *See Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294, 1306 n.13 (11th Cir. 2007); see also *In re Curtis*, 500 B.R 122, 126 n.3 (Bankr. N.D. Ala. 2013). "Under this approach, the question whether a contract is executory is determined by the benefits that assumption or rejection would produce for the estate." *In re Gen. Dev. Corp.*, 84 F.3d 1364, 1375 (11th Cir. 1996); *see also Thompkins*, 476 F.3d at 1306 n.13. The court "must take into account that preserving the chapter 13 consumer-[d]ebtor's residence is of utmost importance to the estate, and to the success of the [d]ebtor's chapter 13 plan." *See In re Curtis*, 500 B.R. at 126-27. The inquiry "should not begin and end with the application of state law, but as emphasized by [the Eleventh Circuit], with the effect that the application of Code § 365 [regarding lease assumption or rejection] would have on the estate, as well the impact on the creditor if its claim were treated as secured." *See In re Curtis*, 500 B.R. at 127.

6. Here, the facts of this action are similar to those in *In re Curtis*, and this Court should treat the contract for deed as a secured transaction rather than an executory contract because that is what it is. "Preserving homes is an important and worthwhile function of chapter 13." *Curtis* at 128. In the present case, the Debtor attempted to keep the contract for deed and treat as a secured obligation. The Debtor cannot take the position in its first plan and then summarily change her mind when the case law is clearly to the contrary that her obligations are in the nature of a secured transaction.

7. Furthermore, the Debtor has the benefit of staying the house without paying for such amounts post-petition. Herbivore reserves all rights to file an administrative claim for the amount of the monthly indebtedness. Herbivore holds a security interest in the Debtor's real property by virtue of an unrecorded Contract for Deed.

8. On May 19, 2020, Secured Creditor filed a proof of claim for $83,896.15. [Proof of Claim 9-1]. The Contract for Deed is a balloon note. [Doc. 45, Exhibit "A"].

**WHEREFORE**, Herbivore Holding, LLC requests this Court deny the Debtor's objection to claim because she is attempting to reclassify such, and for such other and further relief as the Court may deem just and proper.

This 17th day of July, 2020.

By: /s/ E.B. Harrison Willis
E.B. Harrison Willis (WIL305)
Attorney for Creditor

**Of Counsel:**
Cloud, Willis & Ellis, LLC
61 St Joseph Street, Suite 1301
Mobile, AL 36602
(251) 545-4844
(205) 322-6060; ext. 104
hwillis@cloudwillis.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion was served upon the following via electronic means or by mailing same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to insure delivery, addressed as follows:

Teenecia L Trannon
4717 40th Place North
Birmingham, AL 35217

Paula C. Greenway
Greenway Bankruptcy Law, LLC
505 North 20th Street, Suite 1220
Birmingham, AL 35203

Bradford W. Caraway
Chapter 13 Standing Trustee
P O Box 10848
Birmingham, AL 35202-0848

Done this 17th day of July, 2020.

By: /s/ E.B. Harrison Willis
E.B. Harrison Willis (WIL305)